So Ordered.

Dated: November 16th, 2012

Patricia C. Williams
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br>LLS AMERICA, LLC,<br>        Debtor.<br>_____<br>BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC,<br>        Plaintiff,<br>vs.<br>1418490 ONTARIO, LTD., et al.,<br>        Defendants.<br>_____ | No. 09-06194-PCW11<br><br><br><br><br><br>Adv. No. 11-80295-PCW<br><br><br>MEMORANDUM DECISION RE: CERTAIN DEFENDANTS' MOTIONS TO DISMISS |

This adversary is one of hundreds commenced by the trustee of the LLS America, LLC ("LLS America") bankruptcy estate, which adversaries seek to recover money paid by the debtor to certain lenders or investors as part of an alleged Ponzi scheme conducted by the debtor. The following defendants filed motions to dismiss in this adversary proceeding:

MEMORANDUM DECISION RE: . . . - Page 1

| Defendant | Date Filed | ECF No. |
|---|---|---|
| Lawrence MacDonald | February 2, 2012 | 112 |
| Gary and Mikki Padgham | February 2, 2012 | 114 |
| Anna Saunders | February 2, 2012 | 116 |
| Colleen, Peter Andrew and Aiden Saunders | February 2, 2012 | 118 |
| James Baker | April 18, 2012 | 182 |
| Dougal Shewan | April 18, 2012 | 184 |
| Fritz Bretzke | April 18, 2012 | 186 |
| Jason McDonald | June 26, 2012 | 232 |
| John McDonald | June 26, 2012 | 234 |

In a similar adversary, *Kriegman v. Cooper*, No. 11-80093-PCW, a written decision was entered on July 2, 2012, ECF No. 146, regarding similar motions to dismiss and an oral decision was rendered on May 24, 2012, ECF No. 118, on the issue of pleading fraud with particularity ("Previous Decision"). The issues regarding dismissal raised in the subject motions are the same as those raised in the Previous Decision. Many of the facts in the Previous Decision are relevant to the subject motions.

The trustee in a supplemental affidavit of Curtis Frye, ECF No. 203, and the defendants, by declarations, provided the following evidence:

1. <u>Lawrence MacDonald</u> - The trustee presented evidence in this case in this case that the defendant (Lawrence MacDonald is now deceased) loaned or invested $30,000 (CAN) and five (5) promissory notes were issued. In 23 distributions occurring from July 2006 to February 2009, the defendant received $22,090.64 (CAN). According to the trustee, the defendant filed a proof of claim in the amount of $38,534 in the underlying LLS America case. By declaration (ECF No. 113), Iris MacDonald (the wife of Lawrence MacDonald) presented evidence that Lawrence MacDonald resided in Canada, rarely traveled to the United States, and each promissory note listed a Canadian entity as borrower with distributions primarily made from Canadian entities. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of the solicitation.

2. <u>Gary and Mikki Padgham</u> - The trustee presented evidence in this case that the defendants loaned or invested an unknown amount and two (2) promissory notes

MEMORANDUM DECISION RE: . . . - Page 2

were issued. In nine (9) distributions occurring from July 2006 to July 2008, the defendants received $24,000 (CAN). According to the trustee, the defendants filed a proof of claim in the amount of $30,482.20 in the underlying LLS America case. By declaration (ECF No. 115), the defendants presented evidence that they reside in Canada, have not traveled to the United States for any business matters, and each promissory note listed a Canadian entity as borrower with distributions primarily made from Canadian entities. Further, the declaration provides no details, but states that to the extent the defendants engaged in any negotiations regarding the investments, those negotiations occurred outside the United States.

       3.    <u>Anna Saunders</u> - The trustee presented evidence in this case that the defendant loaned or invested an unknown amount and 3 (three) promissory notes were issued. In eight (8) distributions occurring from June 2006 to June 2008, the defendant received $23,000 (CAN). According to the trustee, the defendant filed a proof of claim in the amount of $36,673 in the underlying LLS America case. By declaration (ECF No. 117), the defendant presented evidence that she resides in Canada, rarely travels to the United States, and each promissory note listed a Canadian entity as borrower with distributions primarily made from Canadian entities. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of the solicitation.

       4.    <u>Colleen, Peter Andrew and Aiden Saunders</u> - The trustee presented evidence in this case that the defendants loaned or invested $30,000 (CAN) and four (4) promissory notes were issued. In 34 distributions occurring from August 2004 to March 2009, the defendants received $59,813.33 (CAN). According to the trustee, the defendants filed proofs of claim in the amount of $26,632.59 and $34,983 in the underlying LLS America case. By declaration (ECF No. 119), the defendants presented evidence that they reside in Canada, rarely travel to the United States, and each promissory note listed a Canadian entity as borrower with distributions primarily made from Canadian entities. The declaration further states that the loans or investments were

solicited in Canada, but no details were provided regarding the manner of the solicitation.

5. <u>James Baker</u> - The trustee presented evidence in this case that the defendant loaned or invested $20,000 (CAN) and three (3) promissory notes were issued. In seven (7) distributions from October 2006 to August 2008, the defendant received $23,000 (CAN). According to the trustee, the defendant filed a proof of claim in the amount of $34,645 in the underlying LLS America case. By declaration (ECF No. 183), the defendant presented evidence that he resides outside the United States and that all investments were made on his behalf by Don Baker (father) with the promissory notes issued to defendant James Baker. It is uncertain whether the remaining statements in the declaration are based upon personal knowledge.

6. <u>Dougal Shewan</u> - The trustee presented evidence in this case that the defendant loaned or invested $3,000 (USD) and three (3) promissory notes were issued. In 71 distributions from June 2000 to February 2009, the defendant received $16,430.69 (USD). According to the trustee, the defendant filed a proof of claim in the amount of $4,434.68 in the underlying LLS America case. By declaration (ECF No. 185), the defendant presented evidence that he resides in Canada and infrequently visits the United States. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of the solicitation.

7. <u>Fritz Bretzke</u> - The trustee presented evidence in this case that the defendant loaned or invested $15,000 (CAN) and three (3) promissory notes were issued. In 17 distributions occurring from July 2006 to February 2009, the defendant received $20,739.15 (CAN). According to the trustee, the defendant filed a proof of claim in the amount of $39,725 in the underlying LLS America case. By declaration (ECF No. 187), Breck Foerstner presented evidence that he formerly held a power of attorney for said defendant who resided outside the United States and was a citizen of Germany. Said defendant is now deceased. Each promissory note listed a Canadian entity as borrower. The declaration further states that the loans or investments were solicited outside the

MEMORANDUM DECISION RE: . . . - Page 4

United States, but no details were provided regarding the manner of the solicitation.

The trustee in the affidavit of Curtis Frye filed in adversary proceeding No. 11-80157-PCW, ECF No. 11, and the defendants Jason and John McDonald, by declarations, provided the following evidence:

    1.    <u>Jason McDonald</u> - The trustee presented evidence that the defendant loaned or invested $15,000 (CAN) and three (3) promissory notes were issued. In 33 distributions occurring from August 2004 to February 2009, the defendant received $19,673.49 (CAN). According to the trustee, the defendant filed a proof of claim in the amount of $24,220.86 in the underlying LLS America case. By declaration (ECF No. 233) in this case, defendant presented evidence that he resides in Canada, rarely travels to the United States, and each promissory note listed a Canadian entity as borrower with distributions primarily made from Canadian entities. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of the solicitation.

    2.    <u>John McDonald</u> - The trustee presented evidence that the defendant loaned or invested $35,000 (CAN) and two (2) promissory notes were issued. In four (4) distributions occurring from January 2008 to February 2009, the defendant received $16,052.08 (CAN). According to the trustee, the defendant filed a proof of claim in the underlying LLS America case, however, no amount was stated on the claim. By declaration (ECF No. 235) in this case, defendant presented evidence that he resides in Canada, rarely travels to the United States, and each promissory note listed a Canadian entity as borrower with distributions primarily made from Canadian entities. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of the solicitation.

The grounds for dismissal in the subject motions are: (1) ineffective service of process; (2) improper extraterritorial application of United States bankruptcy law; and (3) failure to state the alleged fraud with particularity as required by Fed. R. Civ. P. 9(b). The reasoning regarding the denial of dismissal based on those grounds is set

forth in the Previous Decision and is applicable to the subject motions.

As in the Previous Decision, one basis for the request to dismiss is the lack of personal jurisdiction. As articulated in the Previous Decision, the filing of a proof of claim is a consent to jurisdiction to adjudicate that claim and the related action brought by the trustee of the LLS America estate under 11 U.S.C. § 548. The reasoning regarding the denial of dismissal based upon a consent to personal jurisdiction is set forth in the Previous Decision and is applicable to the subject motions, which are **DENIED**. Counsel for the defendants shall submit orders consistent with this decision.

///END OF MEMORANDUM DECISION///

MEMORANDUM DECISION RE: . . . - Page 6